IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOCELYN CHATHAM, Administrator of the Estate of MARVIN T. McDONALD, | |
| Plaintiff, | 11-650-MJR-PMF |
| v. | Judge Michael J. Reagan |
| PICKNEYVILLE CORRECTIONAL CENTER WARDEN RANDY DAVIS, and UNKNOWN COUNTY CORRECTIONAL OFFICERS, | Magistrate Judge Philip M. Frazier |
| Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff JOCELYN CHATHAM as Administrator of the Estate of MARVIN T. MCDONALD, by and through her attorneys Smith, Johnson & Antholt, LLC, and complaining of Defendants PICKNEYVILLE CORRECTIONAL CENTER WARDEN RANDY DAVIS and UNKNOWN COUNTY CORRECTIONAL OFFICERS, as follows:

### Introduction

1.  Marvin McDonald died of an asthmatic attack that he suffered for over an hour without any medical treatment or response from Pickneyville Correctional Center staff. Mr. McDonald's condition was known to the officials of the prison and easily treatable through a simple asthmatic pump. With this action, Plaintiff seeks to hold the warden of Pickneyville Correctional Center, Randy Davis, as well as the individual guards, accountable for their role in the Mr. McDonald's untimely death.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 1343(a), and the Constitution of the United States; it also has supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all defendants reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

### The Parties

4. Plaintiff, Jocelyn Chatham, is a resident of Chicago, Illinois. She is the Administrator of the Estate of Marvin T. McDonald.

5. Defendant Randy Davis is the Warden of Pickneyville Correctional Center. He is sued in his individual capacity.

6. The as-yet unidentified Pickneyville Correctional Officers were at all times alleged herein employed by the Illinois Department of Corrections. They engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law. They are sued in their individual capacities.

### Background

7. On May 27, 2010, twenty-five-year-old Marvin McDonald was incarcerated at the Pickneyville Correctional Center.

8. Mr. McDonald suffered from severe asthma since childhood.

9. Officials of Pickneyville Corrections Center, including Warden Davis, were aware of Mr. McDonald's condition and his need for regular medical treatment. They were further aware of his need to have access to an inhaler at all times.

10. Despite their knowledge of his condition, Mr. McDonald was placed in a "segregated" cell unit without access to an inhaler. Unlike the cell units in Pickneyville's "general population," the segregated cell units at Pickneyville do not possess "panic buttons" to notify medical personnel in the event of emergency.

11. The segregated unit is rarely patrolled by officers after the daily "count" of prisoners is taken before bedtime.

12. Between 9 p.m. and 10 p.m. on May 26, 2010, Mr. McDonald began to experience an asthma attack. The attack increased in severity until he was gasping for air.

13. For the next hour to hour-and-a-half, Mr. McDonald's asthma attack continued and his cellmate made repeated efforts to get help by calling out to correctional staff, yelling and banging on the cell door.

14. Finally, after a substantial amount of time had passed, a correctional officer said that he would call a nurse.

15. Mr. McDonald's cellmate warned the correctional officer that Mr. McDonald was in urgent need of immediate medical attention.

16. Despite the dire need for medical attention, it would be approximately fifteen more minutes before any nurses came to the cell.

17. When the correctional staff finally returned, along with two nurses, Mr. McDonald was desperately gasping for air.

18. The first thing that the officers did was handcuff both Mr. McDonald and his cellmate despite Mr. McDonald's urgent need for medical attention.

19. By the time Mr. McDonald was finally given any medical attention, it was too late. Mr. McDonald died as a result of the delay in treatment.

### Count I – 42 U.S.C. § 1983
### Eighth Amendment – Failure to Provide Medical Attention

20. Plaintiff incorporates herein the facts set forth in paragraphs 1-19.

21. Decedent had a serious and obvious medical need.

22. Defendants, acting under color of law, were deliberately indifferent to Mr. McDonald's condition; they knew of the substantial risk of serious harm under which he was placed, and they consciously disregarded that risk by failing to take timely measures to respond to it.

23. Warden Randy Davis is responsible for the failure to provide necessary medical attention to Mr. McDonald in that:

    a. Warden Davis caused Mr. McDonald to be housed in a unit where he would not have access the asthma inhaler that his life depended upon;

    b. Warden Davis knew that the correctional officers under his supervision and control had a practice of failing to properly respond to emergency medical conditions such as that suffered by Mr. McDonald;

    c. Warden Davis maintained policies and practices at the Pickneyville Correctional Center that allowed for the serious medical needs of its

inmates to be ignored;

   d. Warden Davis willfully maintained the policy of rarely monitoring the segregation unit at night, which puts its population at great risk; and

   e. Warden Davis increased the inmate population while slashing staff with deliberate indifference to the knowledge that this would result significantly increases in incidents similar to Mr. McDonald's.

 24. Defendants' conduct led caused Mr. McDonald's death.

 WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against Defendants for compensatory and punitive damages, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

   PLAINTIFF DEMANDS TRIAL BY JURY.

            RESPECTFULLY SUBMITTED,

             /s/ Amanda Antholt
             Attorneys for Plaintiff

Amanda Antholt
Christopher Smith
Robert Johnson
James Baranyk
Smith, Johnson & Antholt, LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
(312) 432-0400