# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOCELYN CHATHAM, Administrator of ) <br> the Estate of Marvin T. McDonald, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RANDY DAVIS and JOHN DOE ) <br> CORRECTIONAL OFFICERS, ) <br> ) <br> Defendants. ) | Case No. 11-cv-0650-MJR |

## MEMORANDUM AND ORDER

**REAGAN District Judge:**

Plaintiff Joyce Chatham is the administrator of the estate of Marvin McDonald, who was an inmate in the Pinckneyville Correctional Center. Plaintiff brings this action for deprivations of McDonald's constitutional rights pursuant to **42 U.S.C. § 1983.** This case is now before the Court for a preliminary review of the complaint pursuant to **28 U.S.C. § 1915A**, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

**28 U.S.C. § 1915A**.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, **490 U.S. 319, 325 (1989)**.  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, **550 U.S. 544, 570 (2007)**.  Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in this complaint survive review and will proceed in this litigation.

**Facts:**

The following version of the facts of this case is gleaned from Chatham's complaint (Doc. 2).  McDonald suffered from severe asthma during the majority of his life.  He made Defendant Davis, as well as the John Doe Defendants, aware of his condition and the treatment he required, which included access to an inhaler.  McDonald was housed in a segregation unit cell in the prison, without access to his inhaler.  Segregation unit cells in Pickneyville Correctional Center ("Pinckneyville") are devoid of panic buttons, which are normally used to alert medical personnel to an emergency.  Further, the segregation unit is rarely patrolled by staff in the evenings.

Between the hours of 9:00 p.m. and 10:00 p.m. on May 26, 2010, McDonald experienced a severe asthma attack.  Eventually, the intensity of the attack left McDonald gasping for air.  His cellmate made efforts to get medical attention, yelling for help and banging on the cell door.  After an unspecified amount of time, a John Doe correctional officer responded that he would contact a nurse.  Fifteen minutes passed before two nurses came to the cell.  Per prison policy, before a nurse could enter the cell, both inmates had to be handcuffed.  After the cuffing occurred, the nurses attempted to provide medical care to McDonald.  However, at that point it was discovered

that McDonald was dead.

**Discussion:**

Plaintiff alleges that McDonald's Eighth Amendment rights were violated by the John Doe Correctional Officers of Pickneyville, as well as Defendant Davis, warden of Pickneyville. The Court will first consider the John Doe Defendants, then move on to consider the claims against Davis.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, **429 U.S. 97, 104 (1976);** *Farmer v. Brennan*, **511 U.S. 825 (1994);** *see Erickson v. Pardus*, **551 U.S. 89, 94 (2007) (per curiam)**. This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* **429 U.S. at 106.** *See also Sanville v. McCaughtry,* **266 F.3d 724, 734 (7th Cir. 2001)**.

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, **223 F.3d 605, 619 (7th Cir. 2000)**. However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference

from circumstantial evidence ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* **511 U.S. at 842.**

The Seventh Circuit has recognized that a medical need may be serious where it has been recognized by a doctor as requiring treatment, or where the need for treatment "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* **111 F.3d 1364, 1373 (7th Cir. 1997)**.   The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities";  or (4) "the existence of chronic and substantial pain." *Id.*

However, even where a serious medical need exists, the Seventh Circuit's decisions concerning deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady,* **207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering")**.  The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.  *See Duckworth v. Ahmad,* **532 F.3d 675, 679 (7th Cir. 2008);** *Ciarpaglini v. Saini,* **352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques)**.  However, a plaintiff inmate need not prove that a

defendant intended the harm that ultimately transpired or believed the harm would occur. ***Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996))**.

      **A.**    **John Doe Defendants**

      Plaintiff alleges that the John Doe correctional officers responsible for patrolling the portion of the prison where McDonald was housed were indifferent to his need for medical attention. Plaintiff claims that the need for treatment was obvious, as McDonald made the John Doe Defendants aware of his chronic asthma condition and his need to be near his inhaler at all times (Doc. 2, p. 3). The need became more obvious where, after McDonald was denied his inhaler, he was left gasping for air after suffering an asthma attack. *Id.* Finally, McDonald's cellmate made the need for treatment known when he called out to correctional staff, "yelling and banging on the cell door," in an attempt to get treatment for McDonald. *Id*. It seems clear from this information that a layperson would recognize the need for care for McDonald. In fact, a layperson *did* recognize this need, as McDonald's cellmate, a layperson, attempted to get the attention of the John Doe Defendants so that McDonald might be treated. Thus, it is likely that the Seventh Circuit would recognize that McDonald was suffering from a serious medical need.

      This does not end the inquiry. The Court must also consider whether the John Doe Defendants had personal knowledge of McDonald's need for treatment, or otherwise showed a reckless disregard for a substantial risk of harm. ***See Chavez,* 207 F.3d at 906.** Plaintiff alleges that the John Doe Defendants were put on notice of McDonald's condition and his need for access to his inhaler at all times. Plaintiff presumes that this means that these Defendants were also aware of the risk that came with separating McDonald from his inhaler, including the potential for death.

However, it is not clear at this point whether this risk was communicated to the John Doe Defendants or if they should have known regardless of a lack of communication. Furthermore, at least some of the John Doe Defendants were made aware that McDonald was having an asthma attack, and instead of rushing him to the health care unit, they waited for health care personnel to come to the cell for treatment. Even then, the John Doe Defendants caused McDonald to further wait for treatment while they attempted to handcuff him before allowing a nurse to enter the cell to administer care. All of these actions, in the face of a serious medical need, may indicate deliberate indifference on the part of the John Doe Defendants to a risk of substantial harm from any further delay in medical intervention. The Court cannot resolve this issue at this stage of the litigation, and therefore this claim against the John Doe Defendants will be allowed to proceed.

### B.   Defendant Davis

Plaintiff also brings suit against Defendant Davis, warden of Pinckneyville Correctional Center. The doctrine of respondeat superior does not apply to § 1983 actions, so that in order to be liable, a defendant must be alleged to be personally responsible for the constitutional violation. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Where a defendant is alleged to have directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent, that defendant will be deemed to have sufficient personal involvement to be responsible for the violation. *Chavez*, 251 F.3d at 652; *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may then be liable for "deliberate, reckless indifference" where he has purposefully ignored the misconduct of his subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The

**supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")**).

Plaintiff alleges that Defendant Davis is personally responsible for the violation of McDonald's constitutional rights. Specifically, she claims that Defendant Davis authorized McDonald's placement in a segregation cell, where he would be denied all personal property, including his inhaler. Furthermore, Defendant Davis was allegedly aware that these cells lacked a panic button and that correctional officers often failed to patrol the cells at night, deficiencies that Defendant Davis failed to correct. Defendant Davis also allegedly approved cuts in staff, which resulted in staff shortages that ultimately caused delay in the treatment of medical emergencies such as that experienced by McDonald. Plaintiff argues that all of these practices, either specifically ordered by Defendant Davis, or at least alleged to have been condoned by this Defendant, combined to cause McDonald to suffer a serious medical need without receiving the appropriate treatment in time to save his life. These are serious allegations that are worthy of further review by this Court, and for this reason the claim against Defendant Davis will be allowed to proceed.

**Disposition:**

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendant **DAVIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of

formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown **JOHN DOE DEFENDANTS** until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge**

**Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED this 28th day of September, 2011**

**s/  MICHAEL J. REAGAN**
**MICHAEL J. REAGAN**
**United States District Judge**