IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOCELYN CHATHAM, Administrator of the Estate of MARVIN T. MCDONALD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RANDY DAVIS, PHILLIP PARKHILL, )<br>BRIAN FAGERLAND, JAMES )<br>GOLDSBOROUGH, PHILLIP DANIELS, )<br>DAVID SANDERS, WEXFORD HEALTH )<br>SOURCES, INC., AMY HUSEMAN, )<br>JANET DAUGHTERTY, RHONDA )<br>REUTER, and DR. LARSON, )<br>)<br>Defendants. | Case No.   11-cv-650-MJR-SCW |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is a motion to strike filed by Defendants Wexford Health Sources, Inc., Rhonda Reuter, and Dennis Larson (Doc. 111). Specifically, Defendants argue that many of Plaintiff's exhibits in her responsive pleading do not meet **Federal Rule of Civil Procedure 56's** standard for admission. Plaintiff has filed a response (Doc. 119) in opposition to Defendants' motion, as well as has sought leave to substitute verified exhibits for the exhibits in her responsive briefs (Doc. 118).

As to Plaintiff's motion to substitute verified exhibits (Doc. 118), Plaintiff notes that three of her exhibits were not properly verified. Those exhibits included the expert report of Dr. Himmelman, the expert report of R.N. Glon, and the letter of Marvin McDonald's cellmate, Nathanial Stokes. Plaintiff's motion seeks to substitute those exhibits with verified versions of the expert reports and Nathanial Stokes' affidavit. The Court **GRANTS** Plaintiff's motion to substitute (Doc. 118) and will consider the verified exhibits when reviewing Plaintiff's responsive briefings.

As to the motion to strike (Doc. 119), Defendants seek to strike numerous exhibits including the expert reports of Samantha Glon (Doc. 107 Ex. A), Ron McAndrew (Doc. 107 Ex. D), and Ronald Himmelman (Doc. 107 Ex. Z). Defendants also seek to strike the numerous declarations of prisoners also housed at Pinckneyville Correctional Center Segregation Unit on the dates in question (Doc. 107 Exs. H,I, J,K,L, & M), including an affidavit from Nathaniel Stokes (Doc. 107 Ex. C). Defendants also seek to strike a report written by the John Howard Association (Doc. 107 Ex. DD) and a letter from Troy Whitmore (Doc. 107 Ex. EE).

Although Plaintiff has submitted verified reports of Himmelman and Glon, Defendants still argue that their reports, as well as that of McAndrew, are merely opinions which should not be relied upon for summary judgment purposes because the reports do not contain facts. However, the Court finds that the documents are properly admitted as part of Plaintiff's responsive brief. The experts were timely disclosed pursuant to Rule 26(a)(2) and appear to be qualified to offer their expert opinions. **FEDERAL RULE OF EVIDENCE 702**. Thus, the Court will allow their expert reports in consideration of the summary judgment motions.

As to the affidavits of several inmates also housed near McDonald's cell, including the now verified statements of McDonald's cellmate, Nathaniel Stokes, Defendants argue that the affidavits only offer conclusory allegations and are not relevant to the type of medical care McDonald was provided. However, the Court agrees with Plaintiff that these documents are admissible. They are all signed affidavits which purport on the course of events that took place on May 26-27, 2010 based on each individual's personal knowledge. Thus, the Court finds these documents admissible for purposes of summary judgment as well.

Next Defendant seeks to strike a report written by a prison reform watchdog group, the John Howard Association. Defendant argues that this report is hearsay and should be excluded.

*See* **FEDERAL RULE OF EVIDENCE 801(c).** The Court agrees. Thus, Plaintiff's Exhibit DD, report from the John Howard Association is **STRICKEN** from her responsive briefing.

Finally, Defendants seek to strike the letter of Troy Whitmore to "Maria". Unlike the inmate affidavits and verified affidavit of Nathaniel Stokes, this letter does not contain any attestation that the statements were made under penalty of perjury. Thus, the Court also **STRIKES** the Troy Whitmore letter. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to strike (Doc. 111).

**IT IS SO ORDERED**.
DATED: May 9, 2013.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge