IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOCELYN CHATHAM, Administrator of the Estate of Marvin T. McDonald, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.   11-cv-650-SCW ) ) |
| PHILIP PARKHILL, BRIAN FAGERLAND, JAMES GOLDSBOROUGH, PHILLIP DANIELS, RHONDA REUTER, and DENNIS LARSON, | ) ) ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court are four motions *in limine* which are still pending. The Court took two of the motions in limine under advisement at its October 2, 2013 status hearing (See Docs. 126, 128, and 166). At that hearing, the Court also allowed further briefing a motion *in limine* filed by Defendants (See Doc. 166 and 122 ¶20). Plaintiff has also filed an additional motion *in limine* (Doc. 168) for the Court's consideration. On October 30, 2013, the Court held a hearing on the remaining pending motions *in limine*. The following memorializes the Court's findings and rulings at that hearing.

**A.     Motions *in Limine* on Criminal Record (Doc. 126) and Drug Use (Doc. 128) of Decedent**

The Court first took up motions *in limine* that it had taken under advisement at the

pervious hearing. The Court previously took under advisement Plaintiff's motion *in limine* to bar evidence regarding Plaintiff's criminal history and a motion *in limine* to bar evidence regarding Plaintiff's prior drug use, namely that he smoke marijuana on a daily basis.

The Court now **DENIES** both motions *in limine* (Docs. 126 & 128). The Seventh Circuit opinion of *Cobige v. City of Chicago*, **651 F.3d 780 (7th Cir. 2011),** which neither party raised in their briefing, is dispositive on this issue. Like in this case, in Cobige, the decedent's estate brought a §1983 case for damages from decedent's death caused by the deliberate indifference of correctional institution staff. *Cobige*, **651 F.3d at 782**. Defendant in the case sought to enter evidence showing that decedent was a drug addict who had an extensive history of criminal convictions and arrests. *Id.* **at 784.** The district court had excluded all of the convictions except one and all evidence of the decedent's drug addiction and arrest record. *Id.* the Seventh Circuit, however, reversed the district court's decision, finding that the evidence was relevant to the issue of damages in a wrongful death case in order to show the relationship of the decedent to the decedent's son, namely to rebut favorable testimony that decedent was a loving mother and role model to her son. *Id.* **at 784-785**. The Seventh Circuit held that "[w]hen the law makes damages depend on matters such as the emotional tie between mother and son, the defendant is entitled to show that the decedent's character flaws undermined the quality of the advice and support that she could have supplied." *Id.* **at 785**.

Here, the Court is presented with an identical situation to that in *Cobige*. Defendants seek to present evidence of the decedent's criminal history and daily drug use in order to rebut evidence regarding the decedent's relationship with his son. The Seventh Circuit has held that such evidence is permissible as it is relative to the issue of damages. Thus, based on this binding decision, the Court will allow evidence of decedent's conviction, arrest record, and usage of marijuana

which has been described as being daily use.

B.  **Motion *in Limine* Regarding the Health of Decedent's Son (Doc. 122 at ¶ 20)**

Defendants had previously filed a motion *in limine* seeking to bar evidence regarding decedent's son's health as Defendants argued the evidence was irrelevant. At the Court's previous hearing, the Court granted the parties additional time to further brief the hearing. Plaintiff subsequently filed a brief on the issue, arguing that such evidence was relevant to show the type of relationship that the decedent had with his son and to value the loss of that relationship (Doc. 167). Defendants filed a Reply (Doc. 170) arguing that Plaintiff seeks to submit evidence regarding the decedent's son's health, while the case law only allows evidence on the relationship between the decedent and his family. However, that is the exact purpose for which Plaintiff has indicated she wishes to introduce evidence of decedent's son's health, to show the relationship between decedent and his son. Plaintiff believes the evidence will show the son's special need for the decedent due to his health. Defendants further argue that the child's health has never been put at issue by the Plaintiff in either a pleading or in discovery. However, Defendants asked questions in depositions about the son's health and thus it was clearly disclosed to the Defendants. Thus, the Court **DENIES** Defendants' motion *in limine* and will allow evidence of the son's medical condition and how that impacts his relationship with the decedent.

C.  **Plaintiff's Seventh Motion *in Limine* (Doc. 168).**

Plaintiff recently filed a motion *in limine* to bar undisclosed witnesses. Plaintiff indicated that Defendants disclosed five witnesses for the first time in their final pretrial order. The Defendants noted that it did not intend to call three of the witnesses, leaving only two undisclosed witnesses at issue, Barry Alderson and Josh Batson, the ambulance personnel who transported decedent on the night of his death. Defendants argue that they disclosed the witnesses under Federal

Rule of Civil Procedure 26 by provided Plaintiff which decedent's medical records. They also note that in response to Plaintiff's First Set of Interrogatories asking for the identity of persons who have knowledge of facts related to the claims and defenses in this action, they referred Plaintiff to the medical records (Doc. 169 Ex. B at ¶ 2). In the medical records, there is a document from the ambulance service documenting decedent's treatment by ambulance personnel. The two crew members of the ambulance signed the document, but their signatures are less than clear (Doc. 169 Ex. A).

The Court, however, finds that Defendants have not adequately disclosed the ambulance personnel. Rule 26 requires parties to disclose the names and contact information for each individual likely to have discoverable information "that the disclosing party may use to support its claims or defenses." **Fed.R.Civ.P. 26(a)(1)(A)(i).** Providing Plaintiff's medical records does not satisfy that obligation. Defendants must specifically identify individuals they plan to use to support their claims and defenses. Thus, the Court finds that Defendants' disclosure was not sufficient. While references to medical records in an interrogatory might be a sufficient answer to an interrogatory, it does meet the requirements for Rule 26. Further, the Court notes that there was no later discovery that would have put Plaintiff on notice that Defendants intended to call these witnesses at trial. While Defendants referred to the medical records, the record related to the ambulance personnel was hard to read and offered no indication that Defendants intended to use these individuals as witnesses. Plaintiff's motion is **GRANTED** (Doc. 168).

D. Other Remaining Issues

At the hearing, Plaintiff's attorneys noted that they had recently filed an amended Motion for Writs of Habeas Corpus ad Testificadum for Witnesses (Doc. 171) which supersedes their previous motion for writs for witnesses (Doc. 147). The Court, however, **FINDS AS MOOT** both

motions as the prisoner witnesses will appear by video and thus the Court will issue writs for those witnesses.  Plaintiff noted that one witnesses is currently held in Cook County jail and an evidentiary deposition may need to be taken in order to obtain his trial testimony.  Defendants do not object to taking that witness' video deposition.  Defendants also note that one of their witnesses currently resides outside of the state and although they are working on his appearance at trial, a video deposition of his testimony may also be needed.  The Court **DIRECTS** the parties to meet and confer on the issue.  If there is an agreement among the parties, the Court has no objections to the use of a video deposition at trial.

Lastly, the Court **DIRECTS** the parties to submit jury instructions to the Court no later than **November 25, 2013 at noon**.  A telephone status conference is set for **November 21, 2013** at 8:45 to discuss any remaining issues prior to trial.

**IT IS SO ORDERED**.
DATED: October 31, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge